IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| PD GAMES, LLC, | |
| Plaintiff, | |
| v. | No. 23-cv-01124 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", | Judge Steven C. Seeger<br>Magistrate Judge Beth W. Jantz |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF JOINDER**

Plaintiff PD Games, LLC, ("Plaintiff") submits the following Memorandum in Support of Joinder.

**I.     INTRODUCTION**

This action was filed by Plaintiff to combat anonymous e-commerce store operators who trade upon Plaintiff's reputation and goodwill by (1) selling and/or offering for sale unauthorized and unlicensed infringing products using counterfeit versions of Plaintiff's federally registered trademark, POPDARTS and/or (2) using Plaintiff's copyrighted photographs in connection with the sale and advertising of the infringing products. In response to the Minute Order dated August 25, 2023, ECF No. 21, Plaintiff submits this Memorandum of Law in support of a finding that joinder of the Defendants is proper under Fed. R. Civ. P. 20(a).

Plaintiff is a Pennsylvania limited liability company and is the creator and seller of high-quality party games that include suction cup darts (the "POPDARTS products"). Plaintiff currently holds a federal trademark registration (U.S. Reg. No. 6,497,588) for the POPDARTS mark. This mark has been continuously used and never abandoned. The POPDARTS mark and its related

goods have become symbols of a highly recognizable group game for friends and family in the United States and around the world. Plaintiff is also the owner of five United States Copyright Registrations (U.S. Reg. Nos. PAu 4-099-362, PAu 4-099-364, Pau 4-099-609, and VA 2-267-156) (the "POPDARTS works"). Plaintiff spends thousands of dollars a year advertising and marketing its genuine products over the Internet via various social media platforms and by other means of advertising.

As part of a coordinated effort to sell infringing products, Defendants operate the e-commerce stores listed in Schedule "A" to the Complaint ("Seller Aliases") and use templates with common design elements that intentionally omit their contact information or any other identifying information. Compl., ¶ 4, ECF Nos. 1, 6. Defendants take advantage of this anonymity, the mass reach afforded by the Internet, and the cover afforded by international borders to violate Plaintiff's intellectual property rights and exploit United States consumers. Plaintiff faces a "swarm attack" on its intellectual property rights, and "filing individual causes of action against each counterfeiter ignores the form of harm" Plaintiff has incurred. *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020).

## II.  ARGUMENT

### A.  Permissive Joinder Under Fed. R. Civ P. 20

"Joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966); *see also, e.g.*, *Russo v. Bache Halsey Stuart Shields, Inc.,* 554 F. Supp. 613, 616 (N.D. Ill. 1982). Permissive joinder enables a plaintiff to have its case adjudicated in the most efficient manner designed to consume the smallest amount of the Court's time and attention and "to enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). The Supreme Court has also stated that, under the Federal Rules of Civil

2

Procedure, "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers*, 383 U.S. at 724.

Under Rule 20(a)(2), defendants may only be joined in a single action if (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)-(B). When assessing "whether the rights asserted arise out of the same transaction and occurrence, courts should 'consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Estée Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (quoting *Ross v. Bd. of Educ.*, 486 F.3d 279, 284 (7th Cir. 2007)).

The phrase "transaction or occurrence" is not defined in Fed. R. Civ. P. 20(a). The Seventh Circuit has not fashioned a definitive standard for determining what constitutes a single transaction or occurrence. *See Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) (explaining that "no hard and fast rules have been established" in this context). However, Courts have looked to the similar "transaction or occurrence" test for compulsory counterclaims under Fed. R. Civ. P. 13(a). Courts may find that claims against different defendants arise out of the same transaction or occurrence only when there is a "logical relationship between the separate causes of action." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012); *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (discussing the "same transaction or occurrence" requirement in the context of Rule 13); *Estée Lauder*, 334 F.R.D. at 185 ("Claims have a logical relationship when there is a 'substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant'") (quoting *In re EMC Corp.*, 677 F.3d at 1358). Factors considered in this District include "whether (1) the

3

alleged conduct occurred during the same general time period, (2) it involved the same people, and (3) it involved similar conduct." *Lozada v. City of Chi.*, 2010 U.S. Dist. LEXIS 89231, at *7 (N.D. Ill. Aug. 30, 2010).

### B. Joinder of Trademark and Copyright Infringement Claims is Proper

A party may join multiple claims and parties into one lawsuit through joinder. Fed. R. Civ. P. 18(b). Joinder is proper because the inclusion of the term "occurrence" in Fed. R. Civ. P. 20 allows a plaintiff to join in a single action the defendants who participate in such unlawful occurrences. *Bose Corp.*, 334 F.R.D. at 517; *see also Oakley, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:20-cv-05972 (N.D. Ill. Nov. 9, 2020) (Valderrama, J.) (unpublished) (Docket No. 27) ("Plaintiff has sufficiently demonstrated that [the asserted claims] arise out of the same occurrence or series of occurrences"); *see also Oakley, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:21-cv-00536 (N.D. Ill. Mar. 6, 2021) (Kennelly, J.) (unpublished) (Docket No. 14) (finding joinder proper and withdrawing order to show cause); *Patent Holder Identified in Exhibit 1 v. Does 1-254*, No. 21-cv-514, 2021 (N.D. Ill. Mar. 8, 2021) (Kennelly, J.) (unpublished) (Docket No, 24) (same); *Oakley, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:21-cv-00818 (N.D. Ill. Mar. 11, 2021) (Pacold, J.) (unpublished) (Docket No. 25) (same).

"In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." *Desai v. ADT Sec. Services, Inc.*, 2011 U.S. Dist. LEXIS 77457, at *8 (N.D. Ill. July 18, 2011). A Court must construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must only

put forth enough "'facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Brooks v. Ross*, 578 F.3d 574, 581 (7th. Cir. 2009) (quoting *Bell Atl. Corp*, 550 U.S. at 556).

"Joinder of independent defendants is only appropriate where the accused products or processes are the same." *In re EMC Corp.*, 677 F.3d at 1359. However, "the sameness of the accused products" is not enough to establish that the claims of infringement arise from the 'same transaction.' *Id*. "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id*.

Here, the counterfeit products offered and sold by the Defendants are either offered through listings that use infringing and counterfeit marks identical to or confusingly similar to the POPDARTS mark, use infringing copies of Plaintiff's copyrighted content, or both. *See* Second Declaration of Jason Carman ("2d Carman Decl."), ¶ 5; *see also* Ex. 2 to Declaration of Jason Carman (ECF Nos. 8-4 to 8-24).

Defendants are not offering and selling "independently developed products" and their goods are not "coincidentally identical." Plaintiff's investigations reveal that these counterfeit products share shipping facilities, listing photos (that are not necessarily derived from the Plaintiff but are nevertheless identical), and keyword phrases in their listing titles. *Id*. For example, Plaintiff's investigation has found that 71% of the Defendants use listing photos that are identical to one another (but were not generated by Plaintiff). *Id.* Upon information and belief, these Defendants are reusing the same marketing materials because they are interconnected.

*Representative Examples of Defendants 99 (Top Image) and 273 (Bottom Image)
Using the Same Listing Photos, Strongly Suggesting a Connection Between Defendants*



Defendants have more in common than simply happening to infringe the same trademarks and copyrights. The evidence available to Plaintiff at this early juncture indicates that defendants share a number of operative facts such as, but not limited to, potential common ownership, common geographic operations, similar methodology in operation, common shipping facilities, and similar channels of procuring counterfeit goods. *See* Ex. 1 to 2d Carman Decl.. Upon information and belief, all Defendants in this case either operate in China or claim to operate in another country, but still nonetheless ship their counterfeit goods to U.S. consumers directly from China. *Id*.

Each Defendant is selling the same counterfeit goods from the same source, utilizing the same strategies, and using the same shipping facilities all within the same geographic regions. *See* Ex. 1 to 2d Carman Decl.. As a result, Defendants' infringements all stem from a logical relationship and series of transactions or occurrences which share a common set of underlying facts supporting Plaintiff's action.

### C. Joinder is in the Interest of Convenience and Judicial Economy

This Court has previously expressed concern that permissive joinder of the large number of defendants would not serve judicial economy and trial convenience "because the ensuing discovery and variety of defenses could prove unwieldy for a single case." *Estée Lauder,* 334 F.R.D. 182, 190 (N.D. Ill. 2020). It is undeniably true that there would be a significant burden placed on this Court in terms of evidentiary review if there were divergent facts and legal theories. But here, the evidence relating to each individual Defendant is of similar character, as are the available defenses, since they arise from the same series of transactions and underlying facts. Considering the total litigation economy, the interests of this Court and the parties are best served by permitting joinder.

Joinder for judicial economy is linked to the inherent power of every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can be best done calls for an exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. North American Co.*, 299 U.S.248, 254-55 (1936) (citing *Kansas City S. R. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

As this Court noted in *First Time Videos LLC v. Doe*, when considering joinder in a copyright case, severance is more likely to cause delays and prejudice. 276 F.R.D. 241, 253 (N.D. Ill. 2011). If joinder is disallowed in the instant case, the result is essentially that of severance, which would create over 300 individual cases. The same evidence submitted in support of each temporary restraining order would need to be considered by this Court, resulting in no time savings for this Court. If each individual defendant, or a multiplicity of them, were severed from this case, there would be a dramatic increase in the burden on the Court and its personnel due to multiplicative filings, the docket for each case reflecting substantially the same procedural evolution, and an increased burden in tracking each separate matter.

Joinder also supports additional economies of litigation for the Plaintiff and the third- party e-commerce platforms, payment processors, and financial institutions. The causes of action asserted against each defendant are identical, as are the facts relating to their sourcing of counterfeit goods, listings, and common e-commerce platforms. Severing the defendants, especially at this juncture, would force the Plaintiff to needlessly duplicate filings for each individual Defendant, dramatically increasing the costs of suit, and would be an onerous burden on the Plaintiff.

The overarching goal of efficiency in litigation and the efficiency of the Court's operations would be best served by permitting joinder. As noted, most of the evidence in this case comes from

8

third parties. Defendants offer and sell their counterfeit goods through the same e-commerce platforms. These platforms serve as both the listing and retail outlets and collect Defendants' revenues in their platform accounts. Plaintiff must serve the Temporary Restraining Order, the Complaint, and a subpoena on each third party; the platforms must provide the same evidence as to each defendant, such as contact information that will allow Plaintiff to serve each Defendant, sales figures for counterfeit goods and related financial information. It is far less burdensome for the third-party platform providers to search for and produce the required documents and information a single time as to all Defendants, rather than undertaking the same search multiple times in multiple cases.

### D. Permitting Joinder Does Not Prejudice the Defendants

First, the allegations against each Defendant are identical and even if separated into distinct actions, the responses necessary from each Defendant would be the same, whether in a separate action or joined in the instant case.

Second, it is possible that Defendants would benefit from joinder. In *London-Sire Records, Inc. v. Doe 1*, the court noted that since the cases involved similar, even virtually identical, issues of law and fact, consolidating the cases "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised." 542 F. Supp. 2d 153, 161 (D. Mass. 2008).

Defendants here are in a similar position. Allowing joinder does not prejudice them. In fact, it allows them to see any filings and potential defenses from other Defendants and achieve economy in litigation when multiple stores are owned by a single Defendant.

### E. The Court May Revisit Joinder at Later Stages of Litigation

Some Defendants have already been served in this case on August 30, 2023, while others are yet to be served due to a lack of Defendant data from the Platforms. Consequently, no Defendant has responded to Plaintiff's complaint or filed any motions challenging joinder. Nevertheless, it is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and increases the chances that the plaintiff should be paying separate filing fees for separate cases. *Estee Lauder,* 334 F.R.D. at 186 (citing *George v. Smith,* 507 F.3d 605 (7th Cir. 2007)).

It is always appropriate for the Court to review joinder as this litigation advances, if it becomes clear that the administration of the case has become burdensome and is no longer in the best interest of judicial economy. The facts pled by Plaintiff at this stage of the litigation support joinder under Rule 20. Permitting joinder at this stage of the case will promote judicial economy. Moreover, potential prejudice to Defendants is minimal. If joinder becomes unwieldy at a later stage of litigation, this Court may then sever Defendants pursuant to Fed. R. Civ. P. 21, and ongoing discovery may allow individual Defendants to raise legal and factual differences from the others that would make continued joinder inappropriate. *Malibu Media, LLC v. Doe*, 291 F.R.D. 191, 205 (N.D. Ill. 2013).

In addition to joinder, this Court may also consolidate any severed actions for discovery, hearing, or trial, or to limit cost or delay where, as here, they involve common questions of law and fact. Fed. R. Civ. P. 42(a)-(b). Even if a Defendant or Defendants were severed into separate actions, consolidation under Rule 42 would still be appropriate in this case, because venue is proper and there are demonstrably common facts and law at issue. *In re EMC Corp.*, 677 F.3d at 1360.

### III. CONCLUSION

For the reason set forth above, Plaintiff respectfully requests that this Court find that joinder is appropriate.

Dated: September 1, 2023

Respectfully submitted,

/s/James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Flener IP Law, LLC
77 W. Washington St., Suite 800
Chicago IL 60602
(312) 724-8874
jjudge@fleneriplaw.com